By the Court,
Nelson, Ch. J.
In Govett v. Radnidge, (3 East, 62,) it was held by the K. B. that an action of tort might be maintained against .the defendants for the negligent performance of a duty arising out of contract. They had been employed to load a hogshead of molasses; and so carelessly conducted in loading the same that it fell and was lost to the plaintiff. This was decided in 1802. •
But in Powell v. Layton, (2 New R. 365,) the C. B. held that tort could not be maintained for negligence in the performance of a duty arising out of a contract to transport goods; it not appearing that the defendant was a common carrier. The action was for so negligently carrying the goods that they became wholly lost. The court denied the correctness of the decision in Govett v. Radnidge, and said the case before them was not distinguishable from any other action founded upon contract. This was decided in 1806. The same thing was held in Max v. Roberts, (2 New Rep. 454; 12 East, 89, S. C.)
It is remarkable that this conflict between the two courts on the point remains open and apparently unsettled down to the present time; though in point of fact the doctrine of the case of Powell v. Layton seems finally to have prevailed. (See Pozzi v. Shipton, 8 Adol. & Ellis, 963, A. D. 1838.)
In Brotherton v. Wood, (3 Brod. & Bing. 54,) the action was case for so negligently carrying the plaintiff in a stage coach that he was thrown out and injured. The objection taken was that the action rested altogether in contract: it not having been averred that the defendants were common carriers, though it appeared on the trial they were. The court said: “If it were true that the action is founded on a contract, so that, to support it, a contract between the parties to it must have been proved, the objection would deserve consideration. But we are of opinion that this action is not so founded, and that, on the trial, it could not have been necessary to show that there was any contract, and therefore that objec *103 tion fails. This action is on the case against a common carrier, upon whom a duty is imposed by the custom of the realm, or, in other words, by the common law, to carry and convey their goods'or passengers safely and securely, so that by their negligence or default, no injury or damage happen. A breach of this duty is a breach of the law, and for this breach an action lies, founded on the common law, which action wants not the aid of a contract to support it.”
The same doctrine was laid down in Leslie v. Wilson (3 Brod. & Bing. 171.) That was an action on the case for negligently shipping goods; and the court said “ The owners of a ship, for whose benefit she is navigated, are bound by the maritime law to owners of goods, shipped and received on board to be carried, for the safe carriage thereof, and are liable for any negligence on the part of .themselves or their servants whereby the goods may be damaged. If without fraud, and in the due course of the ship’s employment, the master makes a charter-party, the ship-owners are not thereby divested of liability, but are still liable for the performance of such duties, belonging to them in that character, as are not inconsistent with the stipulations of the charter-party.” The court added, that the action was not founded upon the charter-party, but upon the general liability of the defendants for the performance of such duties as belonged to them as carriers.
In Weall v. King, (12 East, 452,) an action of tort was brought upon a warranty in the sale of sheep. Heath, J., who tried the cause, ordered a nonsuit, saying, that if the reasoning of the counsel for the plaintiff were to prevail, every breach of promise might, be converted into a tort: and the ruling was upheld in the K. B.
The general result of all the decisions is well stated in a note to Cabell v. Vaughan, (1 Won. Saund. 291, 5th ed.,) and is in substance this : Where the 'action is maintainable for the tort simply, without reference to any contract made between the parties, no objection can be raised on the ground that the plaintiff should have declared upon the contract; as, for instance, in actions against common carriers founded on the cus *104 tom of the realm, and the like. But where the action is not maintainable without referring to a contract between the parties, and laying a previous ground for it by shewing such contract, there the plaintiff must proceed upon the contract, and a special action on the case will not lie.
Testing the case under consideration by this rule, it appears to me the decision of the learned judge at the circuit was correct. Here was no common law liability independently of what arose out of the contract; and of course no duty founded upon the common law alone. The obligation of the defendant rested entirely upon contract. He was hired as a laborer by the plaintiff, to take charge of her farm upon certain terms and conditions specified in the written instrument; and, for aught I can see, if she can leave the contract, and maintain an action of tort for negligence in the performance of it, there is no case of hire for service in which the same thing may not be done.
I am of opinion that a new trial should be denied.
Ordered accordingly.